UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**LETISHA E BARKER**                       **CASE NO. 2:24-CV-00493**

**VERSUS**                                 **JUDGE JAMES D. CAIN, JR.**

**YELLOWHAMMER SALON GROUP LLC**           **MAGISTRATE JUDGE LEBLANC**

### MEMORANDUM ORDER

Before the court is a Motion to Set Aside Default [doc. 7] filed by defendant Yellowhammer Salon Group LLC ("Yellowhammer"). Plaintiff Letisha Barker opposes the motion. Doc. 10.

### I.
### BACKGROUND

Plaintiff filed an employment discrimination suit against Yellowhammer under Title VII and 42 U.S.C. § 1981, alleging that Yellowhammer rescinded an offer of employment to her because of her race and color. Doc. 1, ¶ 15. Yellowhammer admits that the complaint was first delivered via certified mail to its registered agent in Louisiana on April 19, 2024. Doc. 7, att. 1, p. 1. Yellowhammer's registered agent was then served by a process server on June 5, 2024. Doc. 3. Barker filed proof of the latter into the record and the answer due date was set at June 26, 2024. Doc. 4. On October 31, 2024, the clerk issued a Notice of Intent to Dismiss the Case due to plaintiff's failure to take a default within 60 days of service. Doc. 4. Barker then filed a request for entry of default on November 13, 2024, and the clerk granted it the same day. Doc. 6.

Two weeks later, Yellowhammer moved to set aside the default. Doc. 7. It argues that good cause exists and the default was not willful because it tendered the suit to its insurance carrier and believed it would respond. *Id.* Plaintiff opposes the motion, asserting that Yellowhammer's reliance on its insurance carrier was unreasonable and that it lacks a meritorious defense to her allegations. Doc. 10.

## II.
## LAW & APPLICATION

Federal Rule of Civil Procedure 55(c) permits a court to set aside an entry of default for good cause. Three factors guide this determination: "(1) whether the default was willful, (2) whether setting it aside would prejudice the adversary, and (3) whether a meritorious defense is presented." *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). Courts may also consider other factors, including whether the defendant acted expeditiously to correct the default. *Matter of Dierschke*, 975 F.2d 181, 184 (5th Cir. 1992). Defaults are generally disfavored and a motion to set aside should be granted "[u]nless it appears that no other injustice results from the default." *Koerner v. CMR Constr. & Roofing, LLC*, 910 F.3d 221, 225 (5th Cir. 2018) (internal quotations omitted). Motions to set aside an entry of default are more commonly granted than motions to set aside default judgments. *Pelican Renewables 2, LLC v. Directsun Solar Energy & Technology, LLC*, 325 F.R.D. 570, 575 (E.D. La. 2016) (citing *In re OCA*, 551 F.3d 359, 370 (5th Cir. 2008)).

"A finding of willful default," however, "ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding." *Koerner*, 910 F.3d at 225. "Absent a record that indicates willfulness, a mistake regarding the course of

litigation that causes a failure to respond is not willful." *Wilson v. Kemper Corporate Servs., Inc.*, 635 F.Supp.3d 506, 519 (S.D. Miss. 2022) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292–93 (5th Cir. 2000)). Yellowhammer notified its insurance carrier of the suit, under the mistaken belief that it would defend the action. Once informed of the default, it retained counsel and promptly filed this motion to set aside. Plaintiff maintains that Yellowhammer's reliance on its carrier was unreasonable, however. She points to the lack of any evidence that Yellowhammer actually contacted its carrier. In the absence of a legitimate claim of prejudice, however, the court is required to resolve all doubts in favor of the defaulting party. *Alston v. Prairie Farms Dairy, Inc.*, 2019 WL 2719793, at *2 (N.D. Miss. June 28, 2019) (citing *Jenkens & Gilchrist*, 542 F.3d at 123). Therefore it will not hold Yellowhammer to a higher standard of proof at this stage.

Plaintiff also notes that Yellowhammer received the April 2024 mailing, which contained the waiver packet, and then received service on June 2024, indicating that the waiver had not been executed. In return, the court observes that (1) waiver of formal service is the defendant's prerogative; (2) there is no basis for the court to determine that Yellowhammer, which was not represented by counsel at this point, should have surmised anything from the failure to execute the waiver; and (3) Yellowhammer had no notice of any default until the clerk's entry of same, at which time it retained counsel and filed this motion. A default is not willful when a defendant assumes that an insurance carrier will defend the suit and acts promptly upon learning of the default. *Bryan v. Butler*, 163 F.R.D. 175, 177 (N.D.N.Y. 1995); *see also Lemartec Corp. v. Entsorga West Virginia, LLC*, 2020 WL 13179420, at *3 (N.D. W. Va. Feb. 5, 2020) (Courts recently "have not found parties

Page 3 of 5

personally responsible when their insurance carrier failed to properly capture and record incoming legal documents and failed to retain counsel in a timely fashion."). Accordingly, this factor weighs in favor of setting aside the clerk's entry of default.

As for prejudice, none exists where "the setting aside of the default has done no harm to plaintiff except to require it to prove its case." *Lacy*, 227 F.3d at 293 (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)). Instead, the plaintiff must show that any delay caused by the default "will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Plaintiff makes no such showing. This factor likewise weighs in favor of setting aside the default.

Finally, plaintiff contends that the motion should be denied because Yellowhammer lacks a meritorious defense. In her complaint plaintiff alleged that she interviewed for a hair stylist position with Yellowhammer, where her friend Roxie Smith also works, and was offered a job by salon manager Renecia Michell. Doc. 1, ¶¶ 10–12. Shortly thereafter, however, Michell's manager informed her that she could not hire plaintiff because plaintiff is African-American and the salon needed Caucasian stylists. *Id.* at ¶ 14. Michell then instructed Smith to contact plaintiff and tell her that the offer was being rescinded, which Smith did. *Id.* at ¶¶ 14–15. Yellowhammer offers nothing in response except a general denial of the allegations. To meet its burden, it "must make a clear and specific showing by a definite recitation of the facts in support of his or her defense." *Pelican Renewables*

*2, LLC*, 325 F.R.D. at 577 (cleaned up). Yellowhammer clearly falls short on this factor.[1]

The matter is in its infancy, however, and the other factors (including defendant's expedient efforts after learning of the default) favor allowing it to proceed to a trial on the merits where both parties may have a fair opportunity to present their case.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion to Set Aside Default [doc. 7] be **GRANTED**. **IT IS FURTHER ORDERED** that defendant file an answer to the complaint by December 30, 2024.

**THUS DONE AND SIGNED** in Chambers on the 19th day of December, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The court notes, however, that the EEOC dismissed the charge without finding a violation. *See* doc. 1, att. 1. While this finding is not dispositive of the merits, it does suggest that Yellowhammer may have defenses available.